```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 NDF1, LLC,                                                 :
                                                            :
                                      Plaintiff,            :
                                                            :   MEMORANDUM DECISION AND
                  -against-                                 :   ORDER
                                                            :
 ALBERT VERWAYNE, SR.; ROXANNE                              :   24-cv-5584 (BMC)
 GWENDOLYN VERWAYNE; TIMIKA                                 :
 HOOPER; DENISE HOOPER; LLAMAR                              :
 ALEXANDER; and LLEWELLYN                                   :
 ALEXANDER,                                                 :
                                                            :
                                                            :
                                      Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is a diversity mortgage foreclosure action in which defendants-mortgagors have defaulted, the Clerk has entered their default under Rule 55(a), plaintiff has moved for a default judgment, and defendants have moved to vacate the entry of default. Even under the liberal standard for vacating defaults, defendants have shown no basis for denial of a default judgment. Denying plaintiff its judgment and starting from square one would no doubt lead us right back to where we are now. Accordingly, defendants' motion to vacate is denied and plaintiff's motion for a default judgment is granted.

## BACKGROUND

The docket sheet and the parties' submissions on their cross-motions show defendants' almost complete neglect of this action until the eve of entry of a default judgment.

Plaintiff commenced the action on August 12, 2024. On September 17, 2024, plaintiff served the summons and complaint on defendant co-mortgagor Albert Verwayne, Sr., through a person of suitable age and discretion, defendant co-mortgagor Roxanne Gwendolyn Verwayne,

at their home in Conyers, Georgia, serving Roxanne at the same time. (The Verwaynes now live in Georgia, but the property is in Brooklyn.) Three days later, plaintiff sent another copy of the summons and complaint to Albert at the same address. Defendants only minimally dispute the documents proving this service – each of defendants say, "I became aware of this lawsuit on or about September 2024 when I received a packet in the mail that contained foreclosure documents." Roxanne does not dispute the address where plaintiff shows personal service was made and neither she nor Albert dispute that they live at that address. Nor do either of them expressly deny personal service except by implication, saying that they received "first notice" "in the mail."

Defendants then assert that "[t]hey had no knowledge of the lawsuit during the period a response was required," but that's not true because they acknowledge receiving "foreclosure documents" "on or about September 2024." The deadline for defendants to answer expired on October 8, 2024. The Clerk did not enter their default until November 4, 2024.

On November 20, 2024, defendants had a New York state-admitted lawyer, Samantha Virgo, move for *pro hac vice* admission in this court as she is not admitted to practice here. Ms. Virgo continues to represent defendants. I granted her *pro hac vice* motion the day after she moved. Ms. Virgo took no action in the case until December 20, 2024, a month later, when, ignoring the entry of default, she filed an untimely answer on behalf of the Verwaynes without leave of court.

Plaintiff moved for a default judgment ten days later. Because Ms. Virgo had purported to appear for the Verwaynes with an untimely answer, I ordered those defendants to show cause why I should set aside the entry of default. Ten days after that, defendants moved to vacate the entry of default (and presumably deny plaintiff's pending motion for a default judgment).

Each party's motion is before me.

## DISCUSSION

Defendants do not seriously dispute that valid service was made upon them. They argue that "no Affidavit of Service was timely filed purporting to serve Defendants," but plaintiff filed affidavits of service for both defendants on September 20, 2024, three days after they were served. Both affidavits affirm that the defendants were served with the summons and the amended complaint. Defendants do not challenge the validity or veracity of these affidavits, or the facts contained therein. Defendants simply pretend the affidavits do not exist.

This leaves defendants to argue that the Court should vacate their default because the considerations under Rule 55(c) constitute good cause. They are wrong.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b)(1), in turn, provides that a default judgment may be set aside due to "mistake, inadvertence, surprise, or excusable neglect." The Second Circuit has held that three factors govern a district court's decision to set aside an entry of default or a default judgment under Rule 55(c) or 60(b), respectively: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted); see also State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004). These factors are applied more leniently when the issue is vacating an entry of default instead of a default judgment. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2692 (4th ed. 2025). Although resolution of cases by default is disfavored, the preference for resolving disputes on the merits does not go so far as to relieve the

defendant of the burden of proving the applicable factors.  See Sony Corp. v. Elm State Elecs., 800 F.2d 317, 320 (2d Cir. 1986).

As the text of the Rules suggests and the applicable case law holds, "[t]he dispositions of motions for entries of defaults and default judgments and relief from the same . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil, 10 F.3d at 95 (citations omitted).  The scope of this discretion, however, is limited by the Second Circuit's "oft-stated preference for resolving disputes on the merits." Id. (citation omitted).  "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96.  Nevertheless, the Second Circuit has recognized that default procedures "provide a useful remedy when a litigant is confronted by an obstructionist adversary.  Under such circumstances those procedural rules play a constructive role in maintaining the orderly and efficient administration of justice." Id. (citation omitted).

**I.       Willfulness**

Defendants first contend that their default was not willful.  They offer three reasons.  First, they contend that they "had no knowledge of the lawsuit during the period a response was required."  As the timetable set forth above demonstrates, that is simply wrong.  Like any litigant, they had knowledge when they were served in mid-September, and had the same time to answer as any other litigant.  In fact, they had more time.  Plaintiff did not file a request for a certificate of default until October 14, 2024.  And they had even more time than that, because the Clerk did not enter their default until nearly a month later. Moreover, although their attorney appeared several weeks later, the attorney took no action to seek to vacate their default until

4

nearly six weeks after that – and then only in response to plaintiff's motion for a default judgment and the Court's Order to Show Cause.  Defendants sat on their rights for months, taking an entirely passive posture in the case (I disregard their filing of an untimely and therefore improper boilerplate answer).  That is about as willful as it gets.

Defendants next contend that it took them "considerable time" to "research and find an affordable attorney."  This conclusory statement, devoid of any description of what they did, what their finances are, and what research sources they used to find someone in the sea of attorneys in Brooklyn and Manhattan, is not indicative of diligence on their part; rather, it is another indicator of a response so cavalier that it amounts to willfulness.  Moreover, their reference to "considerable time" makes little sense; Ms. Virgo appeared two weeks after their time to answer had expired; that is hardly "considerable."

Finally, defendants contend by another snippet that they "were waiting for [their] attorney to be approved . . . ."  I don't know what that means.  Ms. Virgo moved for *pro hac vice* admission on November 20th and I granted it on November 21st.  There was no waiting.

**II.     Meritorious Defense**

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage.  A defense is meritorious if it is good at law so as to give the factfinder some determination to make."  Am. All. Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks and quotation omitted).  "Though '[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense,' such evidence 'is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'"  Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (quoting

Enron Oil, 10 F.3d at 98). Consistent with the broad discretion vested in the district courts on motions to vacate defaults, there is no single standard defining how robust a showing of a meritorious defense the movant must put forward. See Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2697 (4th ed. 2025). Most courts decline to accept conclusory statements, but beyond that, the degree of proof required varies depending on the facts of the case. Id.

None of defendants' assertions would even satisfy the minimal requirements for affirmative defenses under Federal Rule of Civil Procedure 8, let alone the colorable showing required to vacate a default. They are mere boilerplate. Defendants have set forth several affirmative defenses in a single paragraph in their memorandum of law, but their assertions, basically just topic headings, are so conclusory it appears they pulled them from a form book.

First – "lack of jurisdiction due to Plaintiff's failure to personally serve them the Summons and Complaint." Defendants do not explain what this means. As noted above, there is no denial from Roxanne that she was personally served and was of suitable age and discretion to receive service for Albert. Indeed, if defendants could claim insufficient service, they wouldn't need to show good cause to vacate their default, as defective service obviously precludes entry of a default judgment without regard to good cause. See Ray v. Choueka, 683 F. Supp. 3d 427, 430 (S.D.N.Y. 2023). By laboring, albeit perfunctorily, to show good cause to vacate, defendants have effectively acknowledged that they were properly served.

Second, defendants offer another 11-word "argument" – "Plaintiff's failure to serve [defendants with] the required 90-Day Notice." I assume, because defendants do not say, that this is a reference to the pre-foreclosure notice under New York Real Property Actions and Procedures Law § 1304. Plaintiff has submitted clear proof that the notice was mailed to the address of the property in New York by certified and first class mail – just as the mortgage

6

provides. Maybe defendants didn't get it in Georgia – they don't say, one way or the other – but it was their responsibility to provide plaintiff with a change of address form if they wanted the notice to go to Georgia. They don't say that they did, and plaintiff has established that it never received a change of address form.

Third – "Plaintiff's failure to provide Defendant with all required documentation." Defendants don't say what documentation is missing. It surely looks adequate to me – the mortgage, the original note, and the allonges vesting the current title in plaintiff. If something else is missing, defendants had to say what it is to make out a meritorious defense.

Fourth – "strong statute of limitations defense." Defendants have not cited me to the applicable statute, nor explained when the accrual date occurred, so I can see nothing "strong" about this formulaic reference. It appears the applicable statute is N.Y. C.P.L.R. § 213(4), which allows the mortgage lien holder six years from accrual. Accrual occurs when the lien holder accelerates the mortgage by commencing a foreclosure action. E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n as Tr. for Greenpoint Mortg. Funding Tr. Mortg. Pass-Through Certificates, Series 2006-AR6, 118 F.4th 488, 492 (2d Cir. 2024). Since August 12th of last year is a lot less than six years ago, the assertion of this defense is frivolous.

Finally – "failure to properly demonstrate ownership of the underlying loan which categorizes [sic] Plaintiff as the improper party to bring this action." That's what the allonges are for. I see nothing wrong with them, and defendants haven't pointed me to anything. Like all their other "meritorious defenses," this one is frivolous.

### III. Prejudice

As in most cases, plaintiff cannot show much prejudice by this delay. But in light of defendants' willful default and utter lack of defense, it doesn't have to.

7

## CONCLUSION

Plaintiff's motion for a default judgment is granted, and defendants' motion to vacate the entry of default against them is denied. Within 14 days, plaintiff is directed to submit a proposed form of default judgment of foreclosure and sale.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated:  Brooklyn, New York
        May 14, 2025