UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  NDF1, LLC,

                        Plaintiff,

            -against-              **MEMORANDUM DECISION AND ORDER**

                                                      24-cv-5584 (BMC)

  ALBERT VERWAYNE, SR.; ROXANNE
  GWENDOLYN VERWAYNE; TIMIKA
  HOOPER; DENISE HOOPER; LLAMAR
  ALEXANDER; and LLEWELLYN
  ALEXANDER,

                        Defendants.
----------------------------------------------------------- X

**COGAN**, District Judge.

       This is a diversity mortgage foreclosure action in which defendant-mortgagors defaulted and this Court entered a Judgement of Foreclosure and Sale in favor of plaintiff. Defendants have appealed this Court's order granting plaintiff's motion for default judgment and denying defendants' motion to vacate the entry of default against them. Defendants now move for a preliminary injunction and a stay of execution of this Court's Judgment of Foreclosure and Sale pending appeal pursuant to Federal Rule of Civil Procedure 62(b). Because defendants fail to meet the standards for relief under either of these two procedures, defendants' motion is denied.

       As to a "preliminary injunction," this is not a situation to which Rule 65 applies. A preliminary injunction refers to maintaining or altering the status quo pending entry of final judgment. See Bank of New York Co. v. Ne. Bancorp, Inc., 9 F.3d 1065, 1067 (2d Cir. 1993). Here, final judgment has already been entered. There is no future Order of this Court as to which an injunction could be "preliminary."[1]

---

[1] At various points, defendants refer to their requested relief as "preliminary injunction," "stay pending appeal," or "temporary restraining order." Defense counsel offers that she has limited experience in federal court.

As to defendant's request for a stay pending appeal, it is not entirely clear what legal test should be applied.  See Penzo v. Consol. Edison Co. of New York, Inc., No. 19-cv-7478, 2025 WL 369708, at *3 (S.D.N.Y. Feb. 3, 2025).  Traditionally, courts applied factors similar to those required to obtain a preliminary injunction, see Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (likelihood of success on appeal, injury to the movant, injury to the non-moving party, and the public interest).  Since In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417-18 (2d Cir. 2015), however, some courts, in the context of an appeal from a monetary judgment, have considered more specific factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

(quotation omitted).

A foreclosure action is not akin to a proceeding at law to collect a money judgment; it is a proceeding in equity, see Walker v. Dreville, 79 U.S. 440, 441 (1870), and in that way, is more similar to an appeal from an injunction.

However, regardless of whether this Court applies the traditional Hilton test for a stay pending appeal or the Second Circuit's formulation for money judgment appeals in Nassau County, defendants cannot meet a single one of the factors.

Turning to the Nassau County test first, defendants assert that the subject property "provides more than adequate security to protect Plaintiff's interests during the pendency of the appeal."  That conclusory assertion does not come close to meeting the standard under Rule 62(b).  Putting aside that defendants have submitted no evidence of the value of the property, the

fact that it has been in foreclosure proceedings for months indicates the debt on the property well exceeds its value – if not, defendants could simply have another lender take out plaintiff with a new loan. So defendants have given this Court nothing upon which to base a finding of "adequate security." See United States v. Moses, No. 19-cv-108, 2021 WL 1617376, at *3 (D. Idaho April 23, 2021) (denying the defendant's request to waive the bond requirement based on the existence of a subject property because the defendant "does not provide an appraisal – or even a sworn declaration – to support [the] contention" that "the Subject Property is worth more than the Government's judgment" and because of the "real risk that the propert[y] could decrease in value if a stay were imposed without the posting of a supersedeas bond" (quotation omitted)). Accordingly, the first four factors, which "contemplate waiving the requirement of a bond because a court is satisfied that the debtor would be able to pay the judgment with ease," Negron v. Patriot Auto Sales, LLC, No. 17-cv-583, 2019 WL 13215536, at *1 (D. Conn. July 11, 2019), weigh strongly in favor of requiring defendants to post a bond.

  As to the fifth factor, defendants have nowhere indicated that other creditors exist. But even if they did, these factors considered together would still weigh in favor of requiring a bond: "Factor five is not, by its terms, intended to protect the judgment debtor, but rather the judgment debtor's other creditors. It is, therefore, a weak reed on which to premise an argument that the bond requirement should be waived." Leevson v. Aqualife USA Inc., No. 14-cv-6905, 2017 WL 6541766, at *3 (E.D.N.Y. Dec. 8, 2017), report and recommendation adopted, 2017 WL 6550683 (E.D.N.Y. Dec. 21, 2017).

  It is therefore not surprising that defendants cannot meet any of the requirements under the traditional test for a stay pending appeal. As I held in granting default judgment on the merits, their defenses are frivolous, so they cannot demonstrate a likelihood of success on the

3

merits. And although losing a piece of real estate is irreparable harm, the fact is that defendants are in grievous default on their mortgage and they can't keep the property without paying the mortgage. It would be contrary to public interest to allow them to do so.

Finally, I note that defendants have resorted to wholesale fiction in seeking this relief, and the Court would be well within its discretion in awarding sanctions against defendants and their counsel under Rule 11. They have represented that the property is their "family home." It is not. As the Court found in granting foreclosure, they live in Georgia, and they hold the property for rental income.[2]

The motion is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
September 15, 2025

---

[2] Indeed, even defendants' affidavit in support of this motion is sworn to before a Georgia notary.